UNDER SEAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**Eastern District of Kentucky**
**F I L E D**

DEC - 3 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                        INDICTMENT NO. 5:15-CR-104-DCR

LONNIE W. HUBBARD,
RX DISCOUNT OF BEREA, P.L.L.C.,
MEGGAN ASHLEY HUBBARD,
CHARLES MCKINNEY,
JOSEPH A. MCKINNEY,
DARRELL G. GABBARD,
JODY EARL GABBARD,
LAVADA JESSICA JONES, and
DARRYL JONES

\* \* \* \* \*

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

### A. LONNIE W. HUBBARD and his pharmacy practice, RX DISCOUNT OF BEREA, P.L.L.C.:

1.      **LONNIE W. HUBBARD, R. Ph.,** is a practicing registered pharmacist. He was licensed to practice in Kentucky during all times relevant in this Indictment. He was permitted by the Drug Enforcement Administration (DEA) to dispense narcotic and controlled substance prescriptions and is a registrant seller for listed chemicals.

2.      **HUBBARD's** pharmacy, **RX DISCOUNT of BEREA, P.L.L.C.,** is located at 102 Prince Royal Dr., Suite 2, Berea, Madison County, in the Eastern District of Kentucky. HUBBARD is listed as the registered agent for the limited corporation at

102 Prince Royal Dr., Suite 2, Berea, KY.

3.      Beginning in or about January 2010, the exact date unknown, through on or about December 4, 2015, **HUBBARD** dispensed through **RX DISCOUNT of BEREA** controlled substances and List 1 chemicals.

### B.      Controlled Substances

4.   21 C.F.R. § 1306.04(a) provides: "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of Section 309 of the Controlled Substance Act (21 U.S.C. § 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

5.      Schedule II controlled substances, including oxycodone, are used with severe restrictions because of their potential for abuse, which abuse may lead to severe psychological and physical dependence.

6.      Schedule III controlled substances, including hydrocodone, have a potential for abuse less than the controlled substances in Schedule II, but are drugs which, if abused, may lead to moderate and low physical dependence or high psychological

dependence.

7.      Schedule IV controlled substances, including suboxone, have a potential for

abuse less than the controlled substances in Schedule II, but are drugs which, if abused,

may lead to moderate and low physical dependence or high psychological dependence.

**C.      List I Chemicals**

8.      Section 1310.03 of the Code of Federal Regulations (CFR) states: "Each

regulated person who engages in a regulated transaction involving a listed chemical, a

tableting machine, or an encapsulating machine shall keep a record of the transaction as

specified by Section 1310.04 and file reports as specified by Section 1310.05."

9.      Section 1314.05 of the Code of Federal Regulations titled "Requirements

regarding packaging of non-liquid forms," states the following: "A regulated seller or

mail order distributor may not sell a scheduled listed chemical product in non-liquid form

(including gel caps) unless the product is packaged either in blister packs, with each

blister containing no more than two dosage units or, if blister packs are technically

infeasible, in unit dose packets or pouches."

10.      Section 1310.06 of the CFR requires records include: "the name, address,

and, if required, DEA registration number of each party to the regulated transaction; . . .

the date of the regulated transaction; . . . the name, quantity and form of packaging of the

listed chemical; . . . the type of identification used by the purchaser and any unique

number on that identification."

11.      Section 1310.07 of the CFR requires that "[E]ach regulated person who

engages in a regulated transaction must identify the other party to the transaction.  For

domestic transaction, this shall be accomplished by having the other party present

documents which would verify the identity or registration status if a registrant, of the

other party to the regulated person at the time the order is placed."

12.     The allegations contained in paragraphs 1 through 11 of the Introduction

above are restated and incorporated herein by reference in all of the following counts.

### COUNT 1
**21 U.S.C. § 846**

Beginning on an unknown date in January 2010, and continuing through on or

about December 3, 2015, in Madison County, in the Eastern District of Kentucky, and

elsewhere,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.

did conspire together and with others to knowingly and intentionally distribute and

dispense, outside the scope of professional practice and not for a legitimate medical

purpose, a quantity of pills containing Oxycodone, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1), and to knowingly and intentionally distribute a

chemical, product or material which may be used to manufacture a controlled substance

or listed chemical, knowing, intending, or having reasonable cause to believe, that such

chemical, product or material will be used to manufacture methamphetamine, a Schedule

II controlled substance or a listed chemical, in violation of 21 U.S.C. § 843(a)(7), all in

violation of 21 U.S.C. § 846.

### COUNT 2
### 21 U.S.C. § 843(a)(7)
### 18 U.S.C. § 2

On or about August 27, 2011, in Madison County, in the Eastern District of

Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely,

pseudoephedrine, which may be used to manufacture a controlled substance or listed

chemical, knowing, intending, or having reasonable cause to believe, that such chemical,

product or material will be used to manufacture Methamphetamine, a Schedule II

controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and

18 U.S.C. § 2.

### COUNT 3
### 21 U.S.C. § 843(a)(7)
### 18 U.S.C. § 2

On or about December 11, 2012, in Madison County, in the Eastern District of

Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.

did distribute a chemical, product or material, namely, pseudoephedrine, which may be

used to manufacture a controlled substance or listed chemical, knowing, intending, or

having reasonable cause to believe, that such chemical, product or material will be used

to manufacture Methamphetamine, a Schedule II controlled substance, or a listed

chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

## COUNT 4
## 21 U.S.C. § 843(a)(7)
## 18 U.S.C. § 2

On or about April 12, 2013, in Madison County, in the Eastern District of Kentucky,

## LONNIE W. HUBBARD and
## RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about June 27, 2013, in Madison County, in the Eastern District of Kentucky,

## LONNIE W. HUBBARD and
## RX DISCOUNT OF BEREA, P.L.L.C.

did distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, a quantity of pills containing suboxone, a Schedule III controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about July 30, 2013, in Madison County, in the Eastern District of

Kentucky,

## LONNIE HUBBARD and
## RX DISCOUNT OF BEREA, P.L.L.C.

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing hydrocodone, a Schedule III

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
## 21 U.S.C. § 841(f)(1)

On or about July 30, 2013, in Madison County, in the Eastern District of

Kentucky,

## LONNIE HUBBARD and
## RX DISCOUNT OF BEREA, P.L.L.C.

did knowingly distribute pseudoephedrine, a listed chemical, as defined in Title 21

U.S.C. § 802, in violation of 21 U.S.C. § 842(a)(12) and (a)(13), to wit, by selling

pseudoephedrine to Ruby Elizabeth Coyle, aka Jacklyn Renee Dees, without first

obtaining proper identification from Ruby Elizabeth Coyle, aka Jacklyn Renee Dees, as

required by 21 U.S.C. § 830(a)(3) and Title 21 Code of Federal Regulation, § 1310.07; all

in violation of 21 U.S.C. § 841(f)(1).

## COUNT 8
## 21 U.S.C. § 843(a)(7)
## 18 U.S.C. § 2

On or about July 30, 2013, in Madison County, in the Eastern District of

Kentucky,

## LONNIE W. HUBBARD, and
## RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

**COUNT 9**
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about August 12, 2013, in Madison County, in the Eastern District of Kentucky,

**LONNIE W. HUBBARD, and**
**RX DISCOUNT OF BEREA, P.L.L.C.,**

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

**COUNT 10**
**21 U.S.C. § 841(f)(1)**

On or about August 12, 2013, in Madison County, in the Eastern District of Kentucky,

**LONNIE HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did knowingly distribute pseudoephedrine, a listed chemical, as defined in Title 21

U.S.C. § 802, in violation of 21 U.S.C. § 842(a)(12) and (a)(13) , to wit, by selling

pseudoephedrine to Ruby Elizabeth Coyle, aka Sara Smart, without first obtaining proper

identification from Ruby Elizabeth Coyle, aka Sara Smart, as required by 21 U.S.C.

§ 830(a)(3) and Title 21 Code of Federal Regulation, § 1310.07; all in violation of

21U.S.C. § 841(f)(1).

## COUNT 11
### 21 U.S.C. § 843(a)(7)

On or about September 16, 2013, in Madison County, in the Eastern District of

Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did distribute a chemical, product or material, namely, pseudoephedrine, which may be

used to manufacture a controlled substance or listed chemical, knowing, intending, or

having reasonable cause to believe, that such chemical, product or material will be used

to manufacture Methamphetamine, a Schedule II controlled substance, or a listed

chemical, all in violation of 21 U.S.C. § 843(a)(7).

## COUNT 12
### 21 U.S.C. § 841(a)(1)

On or about January 20, 2014, in Madison County, in the Eastern District of

Kentucky, and elsewhere,

### LAVADA JESSICA JONES

did distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 13
**21 U.S.C. § 841(a)(1)**

On or about January 23, 2014, in Madison County, in the Eastern District of Kentucky,

### LAVADA JESSICA JONES,

aided and abetted by **LONNIE W. HUBBARD and RX DISCOUNT OF BEREA, P.L.L.C.,** did distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 14
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about April 11, 2014, in Madison County, in the Eastern District of Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

## COUNT 15
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about May 10, 2014, in Madison County, in the Eastern District of

Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely,

pseudoephedrine, which may be used to manufacture a controlled substance or listed

chemical, knowing, intending, or having reasonable cause to believe, that such chemical,

product or material will be used to manufacture Methamphetamine, a Schedule II

controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and

18 U.S.C. § 2.

## COUNT 16
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about May 24, 2014, in Madison County, in the Eastern District of

Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely,

pseudoephedrine, which may be used to manufacture a controlled substance or listed

chemical, knowing, intending, or having reasonable cause to believe, that such chemical,

product or material will be used to manufacture Methamphetamine, a Schedule II

controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and

18 U.S.C. § 2.

## COUNT 17
### 21 U.S.C. § 843(a)(7)

On or about June 7, 2014, in Madison County, in the Eastern District of Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.

did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7).

## COUNT 18
### 21 U.S.C. § 843(a)(7)
### 18 U.S.C. § 2

On or about January 20, 2015, in Madison County, in the Eastern District of Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.,

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

**COUNT 19**
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about February 24, 2015, in Madison County, in the Eastern District of Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.,**

aided and abetted by others, did distribute a chemical, product or material, namely, pseudoephedrine, which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that such chemical, product or material will be used to manufacture Methamphetamine, a Schedule II controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and 18 U.S.C. § 2.

**COUNT 20**
**21 U.S.C. § 841(a)(1)**

On or about April 1, 2015, in Madison County, in the Eastern District of Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 21
**21 U.S.C. § 843(a)(7)**
**18 U.S.C. § 2**

On or about April 6, 2015, in Madison County, in the Eastern District of

Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.,**

aided and abetted by others, did distribute a chemical, product or material, namely,

pseudoephedrine, which may be used to manufacture a controlled substance or listed

chemical, knowing, intending, or having reasonable cause to believe, that such chemical,

product or material will be used to manufacture Methamphetamine, a Schedule II

controlled substance, or a listed chemical, all in violation of 21 U.S.C. § 843(a)(7) and

18 U.S.C. § 2.

## COUNT 22
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about May 1, 2015, in Garrard County, in the Eastern District of Kentucky,

and elsewhere,

**JODY EARL GABBARD,**

aided and abetted by **LONNIE W. HUBBARD and RX DISCOUNT OF BEREA,**

**P.L.L.C.,** did distribute a quantity of pills containing oxycodone, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT 23
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about May 8, 2015, in Garrard County, in the Eastern District of Kentucky,

and elsewhere,

**JODY EARL GABBARD,**

aided and abetted by **LONNIE W. HUBBARD and RX DISCOUNT OF BEREA,**

**P.L.L.C.,** did distribute a quantity of pills containing oxycodone, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT 24
**21 U.S.C. § 841(a)(1)**

On or about June 2, 2015, in Madison County, in the Eastern District of Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 25
**21 U.S.C. § 841(a)(1)**

On or about June 17, 2015, in Madison County, in the Eastern District of

Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 26
### 21 U.S.C. § 841(a)(1)

On or about July 7, 2015, in Madison County, in the Eastern District of Kentucky,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 27
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about July 7, 2015, in Madison County, in the Eastern District of Kentucky,

### DARRELL G. GABBARD,

aided and abetted by **LONNIE W. HUBBARD and RX DISCOUNT OF BEREA,**

**P.L.L.C.,** did distribute a quantity of pills containing oxycodone, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1) and .

## COUNT 28
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about July 15, 2015, in Madison County, in the Eastern District of

Kentucky,

### JOSEPH A. MCKINNEY and
### CHARLES MCKINNEY, JR.,

aided and abetted by **DARRYL JONES**, **LONNIE W. HUBBARD and RX**

**DISCOUNT OF BEREA, P.L.L.C.,** did distribute a quantity of pills containing

oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1)

and 18 U.S.C. § 2.

### COUNT 29
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about July 22, 2015, in Madison County, in the Eastern District of

Kentucky,

### DARRELL G. GABBARD,

aided and abetted by **LONNIE W. HUBBARD and RX DISCOUNT OF BEREA,**

**P.L.L.C.,** did distribute a quantity of pills containing oxycodone, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### COUNT 30
### 21 U.S.C. § 841(a)(1)

On or about July 24, 2015, in Madison County, in the Eastern District of

Kentucky, and elsewhere,

### LONNIE W. HUBBARD and
### RX DISCOUNT OF BEREA, P.L.L.C.

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 31
### 21 U.S.C. § 841(a)(1)

On or about September 17, 2015, in Madison County, in the Eastern District of

Kentucky,

**LONNIE W. HUBBARD and**
**RX DISCOUNT OF BEREA, P.L.L.C.**

did distribute and dispense, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 32
### 21 U.S.C. § 856(a)(1)

Beginning in or about January 2010, and continuing through on or about

December 3, 2015, in Madison County, in the Eastern District of Kentucky,

**LONNIE W. HUBBARD**

did knowingly and intentionally open and maintain and manage and control, whether

permanently or temporarily, a place, namely, the **RX DISCOUNT OF BEREA,**

**P.L.L.C.**, 102 Prince Royal Drive, Suite 2, Berea, Kentucky, for the purpose of

distributing and dispensing, outside the scope of professional practice and not for a

legitimate medical purpose, a quantity of pills containing oxycodone, a Schedule II

controlled substance, and pseudoephedrine, a listed chemical, in violation of 21 U.S.C.

§ 841(a)(1) and (f)(1), all in violation of 21 U.S.C. § 856(a)(1).

### COUNT 33
### 18 U.S.C. § 1956(h)

Beginning on an unknown date in January 2010, and continuing through on or

about December 3, 2015, in Madison County, in the Eastern District of Kentucky, and

elsewhere,

**LONNIE W. HUBBARD,**
**RX DISCOUNT OF BEREA, P.L.L.C., and**
**MEGGAN ASHLEY HUBBARD,**

did conspire knowing that the property involved in financial transactions affecting

interstate commerce represented the proceeds of some form of unlawful activity, did

conspire to conduct such financial transactions, which, in fact, involved proceeds of

specified unlawful activity, that is, the unlawful distribution and dispensation of

controlled substances in Kentucky and elsewhere, with the intent to promote the carrying

on of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and

knowing that the transactions were designed in whole or in part to conceal or disguise the

nature, the location, the source, the ownership, and the control of the proceeds of such

specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of

18 U.S.C. § 1956(h).

### COUNT 34
### 18 U.S.C. § 1957

On or about October 30, 2012, in Laurel County, in the Eastern District of

Kentucky, and elsewhere,

**LONNIE W. HUBBARD,**
**RX DISCOUNT OF BEREA, P.L.L.C., and**
**MEGGAN ASHLEY HUBBARD,**

did knowingly engage and attempted to knowingly engage in a monetary transaction in

criminally derived property of a value greater than $10,000 and is derived from specified

unlawful activity, that is, the unlawful distribution and dispensation of controlled

substances, to wit, a wire transfer in the amount of $22,909.77, to RJF Consignments to purchase a 1971 Chevy Corvette VIN #194671S112497, all in violation of 18 U.S.C. § 1957.

**COUNT 35**
**18 U.S.C. § 1957**

On or about July 16, 2013, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

**LONNIE W. HUBBARD,**
**RX DISCOUNT OF BEREA, P.L.L.C., and**
**MEGGAN ASHLEY HUBBARD,**

did knowingly engage and attempted to knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the unlawful distribution and dispensation of controlled substances, to wit, a cash purchase in the amount of $31,800.00, to Legacy Nissan to purchase a 2010 Bryant Boat, Hull Identification #BRA22014A010, all in violation of 18 U.S.C. § 1957.

**COUNT 36**
**18 U.S.C. § 1957**

On or about October 30, 2014, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

**LONNIE W. HUBBARD,**
**RX DISCOUNT OF BEREA, P.L.L.C., and**
**MEGGAN ASHLEY HUBBARD,**

did knowingly engage and attempted to knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified

unlawful activity, that is, the unlawful distribution and dispensation of controlled substances, to wit, a cash purchase in the amount of $40,000.00, to Wiggington Construction Inc., dba Wiggington Builders, Inc., as the down payment to purchase the real property located at 564 Shimmering Moon Drive, Somerset, Kentucky, all in violation of 18 U.S.C. § 1957.

### COUNT 37
### 18 U.S.C. § 1957

On or about February 15, 2015, in Madison County, in the Eastern District of Kentucky, and elsewhere,

### LONNIE W. HUBBARD,
### RX DISCOUNT OF BEREA, P.L.L.C., and
### MEGGAN ASHLEY HUBBARD,

did knowingly engage and attempted to knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the unlawful distribution and dispensation of controlled substances, to wit, a cashier's check #1490252 from Community Trust Bank account # 6800 in the amount of $315,000 and made payable to First and Farmers Bank for Rollin Wiggington Builders Inc., to purchase the real property located at 254 Shimmering Moon Drive, Somerset, Kentucky, all in violation of 18 U.S.C. § 1957.

### COUNT 38
### 18 U.S.C. § 1957

On or about April 23, 2015, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

**LONNIE W. HUBBARD,**
**RX DISCOUNT OF BEREA, P.L.L.C., and**
**MEGGAN ASHLEY HUBBARD,**

did knowingly engage and attempted to knowingly engage in a monetary transaction in

criminally derived property of a value greater than $10,000 and is derived from specified

unlawful activity, that is, the unlawful distribution and dispensation of controlled

substances, to wit, a cash purchase in the amount of $25,000, to Tincher Williams

Chevrolet, to purchase a 2015 GMC Sierra Denali, VIN: 1GT120EGXFF595773, all in

violation of 18 U.S.C. § 1957.

### FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 982(a)(1)

1.      In committing the felony offenses alleged in Counts 1 - 32 of this Indictment, the

same being punishable by imprisonment for more than one year, **LONNIE W.**

**HUBBARD and RX DISCOUNT OF BEREA, P.L.L.C.,** used and intended to use the

below-described property to commit and to facilitate the commission of the said

controlled substance violation, and the below-described property constitutes proceeds

obtained directly and indirectly as a result of the commission of the aforesaid violations

of 21 U.S.C. § 841(a)(1), including, but not limited to:

### REAL PROPERTY:

    a)  Real property and residence located 245 Schell Road, London, Kentucky, with all
        improvements and appurtenances thereon, in the names of Lonnie W. Hubbard
        and Meggan A. Hubbard, and recorded in Deed Book 675, page 502, Laurel
        County Clerk's Office;

b) Real property and residence located 404 Kirkwood Drive, London, Kentucky, with all improvements and appurtenances thereon, in the name of Meggan A. Hubbard, and recorded in Deed Book 699, page 42, Laurel County Clerk's Office;

c) Real property and residence located at 564 Shimmering Moon Drive, Somerset, Kentucky, with all improvements and appurtenances thereon, in the names of L. W. Hubbard and M. A. Hubbard, and recorded in Deed Book 926, page 508, Pulaski County Clerk's Office;

## VEHICLES/BOATS:

a) 2015 GMC Denali Sierra, VIN: 1GT120EGXFF595773;
b) 2013 Toyota Prius, VIN: JTDKDTB37D1552116;
c) 2013 Mercedes C300, VIN: WDDGF8AB0DR261468;
d) 1971 Chevrolet Corvette, VIN: 194671S112497;
e) 2010 Bryant Boat, HULL Number: BRA22014A010;
f) 2008 Black Kawasaki ZX1000E, VIN:JKAZXCE168A001434;
g) 2013 Seadoo, Hull Number: YDV19278D313; and
h) 5530 Mahindra tractor.

## FINANCIAL ACCOUNTS:

a) T. Rowe Price Associates, Inc., Plan ID 493782 , RX Discount of Berea 5305 SEP-IRA in the name of Lonnie Wayne Hubbard and
b) Community Trust Bank account # XXXXXX6800, in the name of RX Discount.

2.      In committing the felony offenses alleged in Counts 33-38 of this Indictment, the same being punishable by imprisonment for more than one year, **LONNIE W. HUBBARD, RX DISCOUNT OF BEREA, P.L.L.C., and MEGGAN ASHLEY HUBBARD,** shall forfeit to the United States any property, real or personal, involved in the offenses or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1), including, but not limited to, the property listed below:

## REAL PROPERTY:

Real property and residence located at 564 Shimmering Moon Drive, Somerset, Kentucky, with all improvements and appurtenances thereon, in the names of L. W. Hubbard and M. A. Hubbard, and recorded in Deed Book 926, page 508, Pulaski County Clerk's.

## VEHICLES/BOATS:

a) 2015 GMC Denali Sierra, VIN: 1GT120EGXFF595773;
b) 1971 Chevrolet Corvette, VIN: 194671S112497; and
c) 2010 Bryant Boat, HULL Number: BRA22014A010.

## FINANCIAL ACCOUNTS:

a) T. Rowe Price Associates, Inc., Plan ID 493782 , RX Discount of Berea 5305 SEP-IRA in the name of Lonnie Wayne Hubbard and
b) Community Trust Bank account # XXXXXX6800, in the name of RX Discount.

By virtue of the commission of the felony offenses charged in this Indictment, any

and all interest **LONNIE W. HUBBARD, RX DISCOUNT OF BEREA, P.L.L.C., and**

**MEGGAN ASHLEY HUBBARD** have in the above-described property is vested in the

United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and

18 U.S.C. § 982(a)(1).

If any of the property listed above, as a result of any act or omission of the

Defendant(s),

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without

difficulty,

it is the intent of the United States to seek the forfeiture of any other property in which

the defendant(s) have an interest, up to the value of the property.

**A TRUE BILL**


**KERRY B. HARVEY**
**UNITED STATES ATTORNEY**

# PENALTIES

**COUNTS 1, 5-6, 12-13, 20, and 22-31:**

**Oxycodone:**

First Offense: Not more than 20 years imprisonment, a fine of not more than $1,000,000, and supervised release of at least 3 years, for an individual, and for other than an individual, a term of probation of not more than 3 years and a fine of not more than $5,000,000 .

Second Offense: Not more than 30 years imprisonment, a fine of not more than $2,000,000, and supervised release of at least 6 years, for an individual, and for other than an individual, a term of probation of not more than 3 years and fine of not more than $10,000,000.

**Pseudoephedrine:**

Not more than 10 years imprisonment, a fine of not more than $250,000, and supervised release of at least 2 years, for an individual, and for other than an individual, a term of probation of not more than 1 year and a fine of not more than $2,000,000.

**COUNTS 2-4, 8-9, 11, 14-19, and 21:**

Not more than 10 years imprisonment, a fine of not more than $250,000, and supervised release of at least 2 years, for an individual, and for other than an individual, a term of probation of not more than 1 year and a fine of not more than $2,000,000.

**COUNTS 7 and 10:**

First Offense: Not more than 5 years imprisonment, a fine of not more than $250,000, and supervised release of not more than 1 year, for an individual, and for other than an individual, a term of probation of not more than 1 year and a fine of not more than $1,000,000.

Second Offense: Not more than 10 years imprisonment, a fine of not more than $500,000, and supervised release of at least 2 years, for an individual, and for other than an individual, a term of probation of not more than 1 year and a fine of not more than $2,000,000.

**COUNT 32:**    Not more than 20 years imprisonment, a fine of not more than $500,000.00, and supervised release of not more than 3 years for an individual, and for other than an individual, a term of probation of not more than 3 years and a fine of not more than $2,000,000.

**COUNTS 33-38:**    Not more than 20 years imprisonment, not more than $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than 3 years.

**PLUS:**    Forfeiture of listed assets.

**PLUS:**    Mandatory special assessment of $100 per felony count.

**PLUS:**    Restitution if applicable.