UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-104-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LONNIE W. HUBBARD, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lonnie Hubbard has filed a motion requesting free copies of trial transcripts. [Record No. 484] Specifically, he asks for a transcript of his attorney's closing argument. He intends to use the transcript to prepare a motion under 28 U.S.C. § 2255. He believes the transcript will shed light on "a possible Due Process violation" that his attorney failed to present at trial. [*Id.*] He also contends that he is indigent and that "it would not be prudent" to require him to challenge his conviction without the transcripts. [*Id.*]

"It is generally accepted that absent a special showing of necessity . . . an indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion under Section 2255." *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970); *see also Corrigan v. Thomas*, 55 F. App'x 754, 756 (6th Cir. 2003) ("Federal prisoners are not entitled to obtain a transcript of testimony received . . . at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending."). This is because it is assumed that a defendant can sufficiently recall the

circumstances of a nonfrivolous error that would provide grounds for vacating a sentence. *Id.*

Hubbard has not attempted to show that any special circumstances warrant providing him free transcripts. He only contends that he "cannot rely on his memory," but he provides no support for this assertion. [Record No. 484] In fact, he recalls both the argument he wished his attorney had made and the point at which his attorney failed to make it. [*Id.*] As such, he is not entitled to free copies of transcripts to prepare his § 2255 motion.

Hubbard also mentions that a family member may be willing to pay the fees associated with obtaining copies. If they wish to do so, they must contact the Clerk of the Court. The fee for producing copies of any record is $.50 per page. *See* Judicial Conference Schedule of Fees. Accordingly, it is hereby

**ORDERED** that Defendant Lonnie Hubbard's motion for transcripts [Record No. 484] is **DENIED**.

Dated: October 1, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky