UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 15-104-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 5: 21-090-DCR |
| V. ) | |
| ) | |
| LONNIE W. HUBBARD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Petitioner Lonnie Hubbard, a federal prisoner proceeding *pro se*, has filed a motion requesting that the undersigned recuse from consideration of his pending motion to vacate his sentence under 28 U.S.C. § 2255.[1]  [Record No. 500]  The motion will be denied because it is wholly frivolous.

**I.**

Recusal is governed by two statutes that are construed together: 28 U.S.C. §§ 144 and 455. *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). "Generally, a party moving to recuse a judge relies upon [Section] 144.  However, a judge has an independent duty to recuse under [Section] 455 when the facts warrant recusal." *United States v. Boucher*, 2009 WL 279315, at *2 (E.D. Ky. Feb. 5, 2009).  The former statute states that,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party,

---

[1] Following a guilty verdict, Hubbard was sentenced to a 360-month term of imprisonment on July 14, 2017.  [Record No. 388]  All direct appeals have been exhausted.

such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.[2]

In relevant part, section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. . . . He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; or where he is, "to the judge's knowledge[,] likely to be a material witness in the proceeding." 28 U.S.C. § 455(a)-(b)(1) and (b)(5)(iv).

Under both statutes, "recusal is required 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Melchor*, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Although the standard considers all relevant facts and circumstances, recusal is not warranted based on "the subjective view of a party[,] no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quotation omitted). Additionally, "district courts throughout the Sixth Circuit have held that . . . simple speculation to the possibility that the judge will be required to be a material witness is not enough to require recusal." *United States v. Lanier*, No. 2:14-CR-83, 2018 WL 296725, at *5 (E.D. Tenn. Jan. 3, 2018) (collecting cases).

---

[2] Although Section 144 seemingly requires automatic disqualification upon a motion and affidavit, "it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient." *Boucher*, 2009 WL 279315, at *3 n.6.

Moreover, even if a bias is proven, it may not require recusal. "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quotation omitted). In other words, as used in Sections 144 and 455, "bias or prejudice" refers only to *improper* biases and prejudices that generally stem from *extrajudicial* sources. See *Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[O]pinions held by judges as a result of what they learned in earlier proceedings" are not improper biases.). In *Liteky*, Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

510 U.S. at 555 (internal citations omitted).

It follows that a party seeking disqualification "faces an 'uphill battle' where, as here, the party claims that the bias 'arose during the course of current or prior proceedings.'" *Hewitt v. McCrary*, 387 F. Supp. 3d 761, 770 (E.D. Mich. 2019) (quoting *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016)) (alterations omitted).

## II.

Hubbard contends that the undersigned must disqualify based on a perceived "personal bias or prejudice" and the potential that the undersigned will be a "material witness in th[is]

proceeding." 28 U.S.C. § 455(b)(1) and (5)(iv). He primarily takes issue with an alleged practice of the undersigned to prejudge (and "categorically reject[]") all binding plea agreements offered by the United States and criminal defendants. [Record No. 500, p. 1] Hubbard argues that "[a]ny reasonable, objective person would question if [the undersigned], who created this broad policy and practice of shunning all binding plea agreements, can remain impartial to [Hubbard's § 2255 motion, which] claims [the undersigned's] broad policy and practice created an illegal scheme by . . . providing improper judicial participation in a plea agreement, [and] by making an impermissible legal mistake which is an abuse of discretion . . . ." [Record No. 500, p. 4]

    These allegations are supposedly based on statements of trial counsel, as well as alleged statements by the Assistant United States Attorney relayed to Hubbard through his trial counsel. The United States' response argues that recusal is unwarranted because Hubbard fails to allege that the undersigned harbors any extrajudicial bias against him. [Record No. 502, p. 4] Additionally, the government notes that Hubbard has not shown that the undersigned's alleged practice impacted the proceedings against him. [*Id.*] Further, Hubbard's motion does not contend that the United States consented to the terms of a binding agreement or offered a binding plea agreement to him at any point in these proceedings.[3] [*Id.*] The government further asserts that Hubbard's motion is untimely. [*Id.* at pp. 5-6]

---

[3] Because a binding plea agreement was neither offered to Hubbard in this case nor presented to the Court for consideration, the logic of his position is that the undersigned should recuse in every criminal case.

### III.

Recusal from further proceedings in this case would be wholly unwarranted for a number of reasons. Initially, Hubbard's contentions are not supported by the record. "The burden is on the moving party to justify disqualification." *Burley*, 834 F.3d at 616. Here, Hubbard points to no evidence that supports any claimed practice of rejecting binding plea agreements in any individual cases or as a matter of course.[4]

Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure empowers the Court to accept or reject binding plea agreements. While a binding plea agreement may reduce the uncertainty a defendant faces at sentencing, there may be negative consequences, as well. For instance, to the extent the parties have agreed upon a specific sentence, courts are unable to consider the factors under 18 U.S.C. § 3553(a), which include the individual defendant's characteristics (both negative and positive). Further, binding plea agreements do little to promote the goal of avoidance of unwarranted sentencing disparities under § 3553(a)(6). Finally, binding plea agreements are not always favorable to the defendant and may subject him or her to a harsher sentence than he or she may have received in the event of a nonbinding plea agreement. *See, e.g. United States v. Hamilton*, 2: 19-CR-021-DCR (E.D. Ky. Apr. 18, 2019).

---

[4] Hubbard makes a conclusory allegation that the undersigned has "[n]ever considered a defendant's binding plea agreement in open court" or "accepted a binding plea agreement in open court," and he cites "LEXISNEXIS caselaw in the 6th District 2002 through 2019." [Record No. 500, pp. 3-4] Because Hubbard appears to have searched for records in a fictional court, it is not surprising that his search was fruitless. But even setting that aside, matters decided "in open court" rarely find their way into written opinions.

In the case of a binding plea agreement that includes a specific sentence, a court may accept the agreement if it is satisfied that the agreed sentence is within the applicable guideline range or that it is outside the applicable guideline range for justifiable reasons that are set forth with specificity in the statement of reasons form. U.S.S.G. § 6B.1.2 (policy statement). If a court rejects a binding plea agreement, it must inform the parties of the rejection, advise the defendant personally that the court is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea. The court also must advise the defendant personally that, if the plea is not withdrawn, the court may dispose of the case less favorably than contemplated under the plea agreement. Fed. R. Crim. P. 11(c)(5); U.S.S.G. § 6B1.3 (policy statement).

Had Hubbard negotiated a binding plea agreement with the United States, these procedures would have been followed. But he makes no claim that he contemplated or sought such an agreement, let alone that the undersigned considered but rejected it. And he points to *no statement of any kind* of the undersigned that would support an inference that a binding plea agreement would not have received due consideration. Thus, objective evidence would not lead a reasonable person to question the undersigned's impartiality in these proceedings.

Second, Hubbard's allegations concern judicial proceedings. As the government points out, "[t]his makes Hubbard's burden even greater because he has not alleged nor set forth any facts that [any] cited policy was implemented specifically against him." [Record No. 502, p. 4] And although Hubbard contends that the undersigned's stance "emanates from other than prior contact with [the undersigned] in his courtroom," he provides no support for this

allegation. [Record No. 500, p. 2] But at bottom, his subjective belief that the conclusion is driven by an extrajudicial source is not a proper basis for recusal. *Sammons*, 918 F.2d at 599.

Next, Hubbard does not demonstrate how the undersigned's so-called (but falsely alleged) practice poses a threat of prejudice to the current proceedings brought under 28 U.S.C. § 2255. Instead, he acknowledges that his current motion seeks to correct a "legal mistake." [Record No. 500, p. 4] Such legal conclusions, correct or incorrect, "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 551.

Similarly, Hubbard could have raised his concerns much earlier. Hubbard was allegedly aware of the undersigned's so-called "bias" prior to trial, which means he failed to raise it for nearly five years.[5] This Court has warned that a defendant who "take[s] his chances with a judge" after discovering a potential bias may be precluded from "secur[ing] a disqualification and a hearing before another judge" simply because the sentence is more severe than the defendant expected. *United States v. Burns*, 1988 WL 122735, at *4 (E.D. Ky. Oct. 14, 1988) (citation omitted). Hubbard appears to be attempting to do just that. He has had numerous opportunities to raise these issues before the present collateral attack. The fact that he failed to raise these issues earlier counsels against recusal. *See City of Detroit*, 828

---

[5] Hubbard sought to change his plea on September 14, 2016, but he chose not to at a hearing before the undersigned on October 12, 2016. [Record Nos. 276, 293] He proceeded to trial and was convicted, and his conviction was upheld by the Sixth Circuit on July 17, 2019. [Record No. 442] Hubbard claims to have raised the issue in a complaint on March 9, 2019, [Record No. 500, p. 1], but it does not appear that he raised it in a court filing prior to the current motion.

F.2d at 1168 (finding that recusal was not warranted based on issues that "could have been raised two or three years earlier").

Finally, the undersigned testimony would not be relevant to these proceedings, which will likely concern whether counsel's advice to Hubbard amounted to constitutionally defective assistance. Outside of the facts that appear in the record, the undersigned simply does not possess any knowledge about the plea negotiations between the parties. *See United States v. Fletcher*, No. 3:09-00243, 2013 WL 3728792, at *5 (M.D. Tenn. July 2, 2013). In short, the United States is correct that Hubbard's arguments are "purely speculative and do not require disqualification." [Record No. 502, p. 6] Accordingly, it is hereby

**ORDERED** that Defendant Lonnie Hubbard's motion for recusal, styled as a motion to compel the undersigned to recuse, [Record No. 500] is **DENIED**.

Dated: April 15, 2021.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 8 -